**EXHIBIT 1**

ELECTRONICALLY FILED - 2023 Dec 08 2:49 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0702316

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF BEAUFORT | |
| Brandea Middleton, Plaintiff, | Civil Action No.: 2023-CP-07-_____ |
| v. | **SUMMONS** |
| Walmart, Inc. d/b/a Walmart Beaufort Supercenter #1383; Wal-Mart Stores East, LP d/b/a Walmart Beaufort Supercenter #1383, Defendants. | |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action (the original of which has been filed with the Clerk of Court for Beaufort County) and to serve a copy of your Answer or other responsive pleading to the said Complaint on the subscriber at his office at 1304 Boundary Street, Beaufort, South Carolina 29902, within thirty (30) days after the service thereof, exclusive of the date of such service, and if you fail to appear, answer or defend the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

s/James D. Floyd
Christopher F. Gibbs (SC Bar No. 100366)
James D. Floyd (SC Bar No. 101035)
GIBBS LAW FIRM, LLC
1304 Boundary Street,
Beaufort, SC 29902
Tel. (843) 379-2330
Fax. (803) 379-2332
cgibbs@cgibbslawfirm.com
jfloyd@gibbslawsc.com
*Attorneys for Plaintiff*

December 8, 2023

ELECTRONICALLY FILED - 2023 Dec 08 2:49 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0702316

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF BEAUFORT<br><br>Brandea Middleton,<br><br>Plaintiff,<br><br>v.<br><br>Walmart, Inc. d/b/a Walmart Beaufort Supercenter #1383; Wal-Mart Stores East, LP d/b/a Walmart Beaufort Supercenter #1383,<br><br>Defendants. | IN THE COURT OF COMMON PLEAS<br><br>Civil Action No.: 2023-CP-07-_____<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

The plaintiff, Brandea Middleton ("Plaintiff"), brings this action against the defendants, Walmart, Inc. d/b/a Walmart Beaufort Supercenter #1383 ("Walmart") and Wal-Mart Stores East, LP d/b/a Walmart Beaufort Supercenter #1383 ("Beaufort Supercenter") (collectively, "Defendants") based upon the allegations set forth below.

**PARTIES, JURISDICTION, AND VENUE**

1. The parties, subject matter, and all matters and things hereinafter alleged are within this Court's jurisdiction.

2. Plaintiff is a resident of the County of Beaufort, State of South Carolina.

3. Upon information and belief, Walmart is a foreign corporation existing under the laws of the State of Delaware doing business in the County of Beaufort, State of South Carolina.

4. Upon information and belief, Beaufort Supercenter is a foreign corporation existing under the laws of the State of Delaware doing business in the County of Beaufort, State of South Carolina.

5. Venue is proper in this Court because the incident that is the subject of this lawsuit occurred in the County of Beaufort, State of South Carolina.

ELECTRONICALLY FILED - 2023 Dec 08 2:49 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0702316

## FACTS

6. At all times relevant to this action, the Defendants did own, operate, manage and/or maintain a retail establishment located at 350 Robert Smalls Parkway, Beaufort, South Carolina 29906 ("Premises") including the business activities, ground areas, surfaces and buildings as located thereon.

7. On or about December 9, 2020, Plaintiff was a customer, patron, and business invitee of the Defendants, and Plaintiff did purchase certain items Defendants offered for sale at their retail establishment.

8. To complete her purchase, Plaintiff was required to go through a checkout isle, and unbeknownst to Plaintiff, Defendants placed, or caused to be placed, a wood pallet in the checkout isle.

9. After paying for her items, Plaintiff attempted to leave the checkout isle when she tripped over the wood pallet on the floor in the checkout isle thereby causing her to fall and suffer severe personal injuries.

10. Plaintiff had no knowledge of the obscured condition or reason to suspect danger when walking through the Premises after paying Defendants for her items. In addition, at all times prior to the subject incident, the Plaintiff was exercising due care and proper caution for her own safety.

11. That, upon information and belief, at all times prior to the subject incident, the Defendants either created, had knowledge of or should have known of the unsafe, hazardous and obscured condition on the Premises.

ELECTRONICALLY FILED - 2023 Dec 08 2:49 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0702316

12. Said hazardous walking surface was hidden and obscured to Plaintiff, as there were no signs posted indicating the wood pallet had been placed on the floor, nor was the wood pallet on the floor visible to her as she approached the area in the checkout isle.

13. That, upon information and belief and at all times pertinent hereto, the Defendants made the condition dangerous by not posting a warning sign, not clearing the checkout isle of dangerous tripping hazards and/or placing the wood pallet in an area that is small and has heavy foot traffic, such as the subject checkout isle.

14. That, upon information and belief and at all times pertinent hereto, the dangerous condition, situation and circumstances existed on the premises for a significant period of time and this hazard was well within that which was known or should have been known to the Defendants, its employees and authorized agents, prior to the Plaintiff being injured. However, the Defendant failed to safeguard or remedy the condition, warn its patrons and customers, or take action to safely maintain the premises, despite a reasonable opportunity to do so.

15. That the incident and resulting injuries to the Plaintiff were caused by the negligence of the Defendants, who failed to utilize reasonable care in operating the retail establishment, which was open to business invitees, customers and patrons.

16. At all times relevant to this action, persons acting on behalf of the Defendants were acting individually and as agents, servants, and/or employees, and within the scope of their agency and/or employment with the Defendants.

17. At all times relevant to this action, the Defendants are liable for the acts and/or omissions of its agents, servants, and/or employees within the scope of their agency and/or employment with the Defendants, under the doctrine of respondent superior.

ELECTRONICALLY FILED - 2023 Dec 08 2:49 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0702316

18. That, upon information and belief and at all times pertinent hereto, the Defendants owed a duty to business invitees, guests and patrons at the Premises, including the Plaintiff, to own, maintain, operate and/or manage the Premises, in a safe condition.

19. That the aforesaid acts of negligence on the part of the Defendants were the direct and proximate cause of the injuries sustained by the Plaintiff. The Defendants failed to attend to duties owed to the Plaintiff and these failures constitute actionable negligence on their part.

20. That the aforesaid acts of negligence on the part of the Defendants constitute gross and reckless negligence in that the Defendants conducted themselves in a reckless and irresponsible manner, to the utter disregard of the health and safety of those, and especially the Plaintiff.

21. That by reason and in consequence of the aforesaid acts and/or omissions of the Defendants, Plaintiff sustained serious personal injuries.

22. The Defendants were negligent, negligent per se, grossly negligent, willful, wanton and reckless and breached the duties owed to the Plaintiff in one or more of the following ways:

a) In creating and/or maintaining unsafe, defective, and/or dangerous conditions at the subject Premises;
b) In failing to exercise due care;
c) In failing to do what a reasonable entity would have done under the same or similar circumstances;
d) In failing to properly safeguard against the hazardous, unsafe, defective, and/or dangerous conditions at the subject Premises;
e) In failing to properly own, manage, operate, and/or maintain the subject Premises;
f) In failing to properly oversee that the subject Premises was owned, managed, operated, and/or maintained in a safe, and non-dangerous condition;
g) In failing to properly hire, train, supervise, manage and retain adequate personnel at the subject Premises;
h) In failing to properly develop, implement and utilize reasonably feasible and readily available safety measures;
i) In failing to properly identify and report hazardous, unsafe, defective, and/or dangerous conditions at the Premises;

ELECTRONICALLY FILED - 2023 Dec 08 2:49 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0702316

j) In allowing and permitting hazardous, unsafe, defective, and/or dangerous conditions to exist on the premises in question;

k) In failing to follow generally accepted standards of care applicable to the operation of such a business;

l) In negligently and recklessly violating its own policies and procedures and operations and safety manuals as pertains to the hiring, training and supervision of its employees, agents and servants;

m) In negligently and recklessly violating its own policies and procedures and operations and safety manuals as pertains to keeping areas where customers, patrons and business invitees traverse safe and free from dangers and hazards;

n) In failing to otherwise comply with the applicable laws and regulations of the State of South Carolina and other applicable laws and regulations; and

o) In such other actions and omissions as discovery, further investigation and trial may reveal.

All of which were a direct and proximate cause of the injuries and damages suffered by the Plaintiff herein. The Defendants failed to provide reasonable safety measures and attend to its duties owed to the Plaintiff and these failures constitute actionable negligence on their part, said acts occurring in violation of the statutes and laws of the State of South Carolina.

23. That as a direct and proximate result of the negligence, negligence *per se*, gross negligence, carelessness, recklessness, willfulness and wantonness of the Defendants, jointly and severally, and by its agents and employees, the Plaintiff has been injured and damaged in the following respects:

a. Past and future medical and affiliated health care expenses for diagnosis, treatment and rehabilitation, amongst others;

b. Past and future physical and mental pain and suffering;

c. Diminished earning capacity;

d. Past and future mental, emotional and psychological distress;

f. Loss of enjoyment of life;

g. Permanent injuries/impairment;

WHEREFORE, the Plaintiff prays for judgment against the Defendants in an amount to be

ELECTRONICALLY FILED - 2023 Dec 08 2:49 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0702316

determined at the trial of this case which will be sufficient to compensate the Plaintiff for the injuries she suffered, as well as punitive damages in amounts sufficient to impress upon the Defendants the seriousness of the conduct involved and to deter such similar conduct in the future, together with the costs and attorneys' fees incurred in this action, and for such other and such further relief as this Honorable Court may deem just and proper.

s/James D. Floyd
Christopher F. Gibbs (SC Bar No. 100366)
James D. Floyd (SC Bar No. 101035)
GIBBS LAW FIRM, LLC
1304 Boundary Street,
Beaufort, SC 29902
Tel. (843) 379-2330
Fax. (803) 379-2332
cgibbs@cgibbslawfirm.com
jfloyd@gibbslawsc.com
*Attorneys for Plaintiff*

December 8, 2023

**EXHIBIT 1**

ELECTRONICALLY FILED - 2024 Jan 19 11:18 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0702316

## AFFIDAVIT OF SERVICE

| | | | |
|---|---|---|---|
| **Case:** 2023-CP-07-02316 | **Court:** Fourteenth Judicial Circuit - Common Pleas | **County:** Beaufort, SC | **Job:** 10195228 (Middleton v. Walmart, Inc. d/b/a Walmart Beaufort Supercenter #1383; Wal-Mart Stores East, LP d/b/a Walmart Beaufort Supercenter #1383) |
| **Plaintiff / Petitioner:** Brandea Middleton | | **Defendant / Respondent:** Walmart, Inc. d/b/a Walmart Beaufort Supercenter #1383; Wal-Mart Stores East, LP d/b/a Walmart Beaufort Supercenter #1383 | |
| **Received by:** Ascension Investigations, LLC | | **For:** Gibbs Law Firm, LLC | |
| **To be served upon:** CT Corporation System as Registered Agent for Walmart, Inc. d/b/a Walmart Beaufort Supercenter #1383 | | | |

I, Edward Porter, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effectuated, I was authorized by law to make service of the documents and informed said person of the contents herein:

**Recipient Name / Address:** Lisa Culler, Agent on Duty, on behalf of CT Corporation System as Registered Agent for Walmart, Inc. d/b/a Walmart Beaufort Supercenter #1383, CT Corporation System: 2 Office Park Court Ste 103, Columbia, SC 29223

**Manner of Service:** Authorized, January 8, 2024, 10:55 am EST

**Documents:** Summons, Complaint (Jury Trial Demanded) (Received January 6, 2024 at 12:58pm EST)

**Additional Comments:**
1) Successful Attempt: January 8, 2024, 10:55 am EST at CT Corporation System: 2 Office Park Court Ste 103, Columbia, SC 29223 received by Lisa Culler, Agent on Duty, on behalf of CT Corporation System as Registered Agent for Walmart, Inc. d/b/a Walmart Beaufort Supercenter #1383. Ethnicity: Caucasian; Gender: Female.
Server arrived at the location provided and completed the process to serve the intended recipient. Lisa Culler was the Agent on Duty.

*Subscribed and sworn to before me by the affiant who is personally known to me.*

[signature] 1/10/24

**Edward Porter** **Date**
**D0003798**

[signature: Dana D. Turner]
**Notary Public**

1/10/2024 August 26, 2025
**Date** **Commission Expires**

**Ascension Investigations, LLC**
**PO Box 50427**
**Columbia, SC 29250**
**803-917-8896**

**EXHIBIT 1**

ELECTRONICALLY FILED - 2024 Jan 19 11:18 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0702316

## AFFIDAVIT OF SERVICE

| Case: 2023-CP-07-02316 | Court: Fourteenth Judicial Circuit - Common Pleas | County: Beaufort, SC | Job: 10195272 (Middleton v. Walmart, Inc. d/b/a Walmart Beaufort Supercenter #1383; Wal-Mart Stores East, LP d/b/a Walmart Beaufort Supercenter #1383) |
|---|---|---|---|
| **Plaintiff / Petitioner:** Brandea Middleton | | **Defendant / Respondent:** Walmart, Inc. d/b/a Walmart Beaufort Supercenter #1383; Wal-Mart Stores East, LP d/b/a Walmart Beaufort Supercenter #1383 | |
| **Received by:** Ascension Investigations, LLC | | **For:** Gibbs Law Firm, LLC | |
| **To be served upon:** CT Corporation System as Registered Agent for Wal-Mart Stores East, LP d/b/a Walmart Beaufort Supercenter #1383 | | | |

I, Edward Porter, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effectuated, I was authorized by law to make service of the documents and informed said person of the contents herein:

**Recipient Name / Address:** Lisa Culler, Agent on Duty, on behalf of CT Corporation System as Registered Agent for Wal-Mart Stores East, LP d/b/a Walmart Beaufort Supercenter #1383, CT Corporation System: 2 Office Park Court Ste 103, Columbia, SC 29223

**Manner of Service:** Authorized, January 8, 2024, 10:55 am EST

**Documents:** Summons, Complaint (Jury Trial Demanded) (Received January 6, 2024, at 12:58pm EST)

**Additional Comments:**
1) Successful Attempt: January 8, 2024, 10:55 am EST at CT Corporation System: 2 Office Park Court Ste 103, Columbia, SC 29223 received by Lisa Culler, Agent on Duty, on behalf of CT Corporation System as Registered Agent for Wal-Mart Stores East, LP d/b/a Walmart Beaufort Supercenter #1383. Ethnicity: Caucasian; Gender: Female;
Server arrived at the location provided and completed the process to serve the intended recipient. Lisa Culler was the Agent on Duty.

[signature] 1/10/24
**Edward Porter** Date
**D0003798**

**Ascension Investigations, LLC**
**PO Box 50427**
**Columbia, SC 29250**
**803-917-8896**

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Dana D. Turner [signature]
**Notary Public**

1/10/2024 August 26, 2025
**Date** **Commission Expires**